UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA LEE FIGUEROA,

    Plaintiff,

v.                                                          Case No.: 8:23-cv-02236-SPF

SECRETARY OF THE DEPARTMENT
OF HEALTH AND HUMAN SERVICES,

    Defendant.
_____/

## UNITED STATES' MOTION FOR SUMMARY JUDGMENT

Plaintiff Brenda Lee Figueroa ("Plaintiff" or "Figueroa") seeks to reserve a final agency decision of the Secretary of the U.S. Department of Health and Human Services ("Secretary") affirming her exclusion from participation in all federal health care programs for five years under 42 U.S.C. § 1320a-7(a)(3). Because 42 U.S.C. § 1320a-7(a)(3) required the Inspector General ("IG") of the U.S. Department of Health & Human Services ("HHS") to exclude Figueroa from participation in federal health care programs for at least five years after her criminal conviction for health care fraud, the Court should grant summary judgment in favor of the Secretary, pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule" or "Fed. R. Civ. P.").

## INTRODUCTION

This case arises from Figueroa's challenge to the Secretary's final agency decision affirming her exclusion from participation in all federal health care programs for the statutory minimum period of five years under 42 U.S.C. § 1320a-7(a)(3).

1

Figueroa alleges that the effective date of her five-year exclusion on September 20, 2022, was arbitrary and capricious because the U.S. Department of Labor ("DOL") had already suspended and debarred her for similar misconduct effective January 21, 2020. As a result, Figueroa alleges that her exclusion will effectively last for seven and a half years.

Figueroa improperly conflates her suspension and debarment by the DOL with her exclusion by the IG. Based on her two felony convictions for health care fraud, 42 U.S.C. § 1320a-7(a)(3) required the IG to exclude Figueroa for at least five years from participation in all federal health care programs. The IG excluded Figueroa for the statutory minimum period of five years. There is no legal authority that would have permitted—let alone required—the IG to make the effective date of Figueroa's exclusion retroactive to the date of her suspension and debarment by DOL. Because the effective date of an exclusion is left to the discretion of the IG, there is no legal or factual basis to overturn the Secretary's final agency decision. Consequently, the Court should grant summary judgment in favor of the Secretary and deny Figueroa's request for summary judgment.

## STATEMENT OF MATERIAL FACTS[1]

1.   In May 2013, Figueroa established Mutual Family Health, LLC

---

[1] Because this is a case seeking judicial review of an administrative record, the Court's review is generally limited to the administrative record. *Camp v. Pitts*, 411 U.S.C. 138, 142 (1973). The certified administrative record ("A.R.") contains 210 of pages. Doc. 16. All citations to the A.R. refer to the BATES number located on the bottom lefthand side of each page without the leading zeros (*e.g.*, DAB 000001 is referenced as DAB 1).

("MFH") operating as a medical clinic for individuals who received health care benefits through the U.S. Department of Labor's ("DOL") Office of Workers' Compensation Program ("OWCP").  A.R. at DAB 4, 204.

2.　On January 21, 2020, the DOL issued a Notice of Suspension informing Figueroa that she was suspended from federal government contracting and from directly and directly receiving benefits of federal assistance programs.  A.R. at DAB 130-132.  Her suspension remained in place until the conclusion of her debarment proceeding.  *Id.* at DAB 156

3.　On February 11, 2020, a federal grand jury returned a superseding indictment against Figueroa for eleven counts of health care fraud under 18 U.S.C. § 1347 and three counts of aggravated identity theft under 18 U.S.C. § 1028A.  A.R. at DAB 176-185.

4.　On June 22, 2021, Figueroa entered into a plea agreement with the United States in which she pleaded guilty to two felony counts of health care fraud under 18 U.S.C. § 1347.  A.R. at DAB 186-207.

5.　As part of the plea agreement, Figueroa admitted that she submitted and caused to be submitted false and fraudulent claims to the DOL's OWCP, which resulted in OWCP paying at least $334,874 to MFH, a business controlled by Figueroa.  A.R. at DAB 203-206.

6.　On July 7, 2021, the United States District Court for the Middle District of Florida accepted Figueroa's guilty plea.  A.R. at DAB 208.

7. On December 14, 2021, Figueroa was adjudicated guilty and sentenced to five years' probation on each count to run concurrently. A.R. at DAB 209-210.

8. On December 15, 2021, the United States District Court for the Middle District entered a judgment against Figueroa and a separate order of forfeiture for $334,874. A.R. at DAB 168-176.

9. On December 21, 2021, the DOL issued a Notice of Proposed Debarment informing Figueroa that DOL intended to debar her from federal government contracting for three years. A.R. at DAB 14, 72, 155-156.

10. On January 31, 2022, Figueroa sent DOL a letter contesting her proposed debarment. A.R. at DAB 14-18.

11. On March 28, 2022, the DOL issued a Notice of Debarment informing Figueroa that she and her affiliated businesses were debarred for a period of three years based on her health care fraud convictions. A.R. at DAB 155-156. Figueroa received credit towards the three-year debarment period for the time she was suspended by DOL, which began January 21, 2020. *Id.* at DAB 156. Consequently, Figueroa's debarment period ran from January 21, 2020 through January 20, 2023. *Id.*

12. On August 31, 2022, the IG notified Figueroa that she would be excluded from participation in all federal health care programs, based on her felony health care fraud convictions, for the statutory minimum of five years under 42 U.S.C. § 1320a-7(a)(3), 42 C.F.R. § 1001.101(c). A.R. at DAB 165. Figueroa's exclusion began 20 days after the notice on September 20, 2022. *Id.*

13. On November 3, 2022, Figueroa initiated an administrative appeal of her exclusion and requested a hearing. A.R. at DAB 11-13.

14. On May 5, 2023, the Civil Remedies Division of HHS' DAB issued a decision (the "ALJ Decision") affirming the IG's five-year exclusion of Figueroa from participation in all federal health care programs. A.R. at DAB 1-8.

15. On August 4, 2023, the Appellate Division (the "Board") of HHS' DAB issued a decision ("Final Agency Decision") declining to review and summarily affirming the ALJ Decision because Figueroa did not identify any factual or legal error. A.R. at DAB 9.

16. On October 3, 2023, Figueroa timely filed a complaint in the United States District Court for the Middle District of Florida challenging the Secretary's Final Agency Decision. Doc. 1.

## MEMORANDUM OF LAW

### A.   STATUTORY BACKGROUND

Section 1128(a)(3) of the Social Security Act ("Act") mandates that the Secretary exclude from participation in any federal health care program

> [a]ny individual or entity that has been convicted for an offense which occurred after August 21, 1996, under Federal or State law, with the delivery of a health care item or service or with respect to any act or omission in a health care program (other than those described in paragraph (1)) operated by or financed in whole or in part by any Federal, State, local government agency, of a criminal offense consisting of a felony relating to fraud, theft, embezzlement, breach of fiduciary responsibility, or other financial misconduct.

42 U.S.C. § 1320a-7(a)(3). This provision applies when a federal court enters a

judgment of conviction against an individual, regardless of whether any appeal is pending, or when a federal court accepts an individual's guilty plea. *See* 42 U.S.C. §§ 1320a-7(i)(1), (3). The Secretary's regulations provide that an exclusion takes effect twenty days after the date of the notice of exclusion. *See* 42 C.F.R. § 1001.2002(b).

The minimum exclusion period for those convicted of a criminal offense related to the delivery of an item or service under Medicare is five years. *See* 42 U.S.C. § 1320a-7(c)(3)(B); *see also* 42 C.F.R. § 1001.102(a). A longer exclusion period may be imposed if certain aggravating factors, as defined by regulation, are present. *See* 42 C.F.R. 1001.102(b). None of the aggravating factors are at issue here. Mitigating factors may be considered as possible bases for shortening the period of the exclusion only if aggravating factors justify an exclusion longer than five years. *See* 42 C.F.R. § 1001.102(c). Mitigating factors are not at issue here.[2]

An excluded individual may appeal an exclusion decision by filing a request for a hearing with the Civil Remedies Division of HHS' DAB. 42 C.F.R. § 1005.2(a). The governing regulations require that an ALJ dismiss a hearing request where the "petitioner . . . fails to raise any issue which may be properly addressed in a hearing." 42 C.F.R. § 1005.2(e)(4). The only issues that may be addressed before an

---

[2] In the Prayer for Relief, Figueroa requests "a hearing where Plaintiff can challenge her exclusion and submit evidence of mitigation." This request is improper for at least two reasons. First, since this is a case involving judicial review of an administrative record, the only evidentiary record to be reviewed by the court is the certified administrative record. Doc. 16; *Camp*, 411 U.S.C. at 142. Second, because the IG imposed the minimum statutorily required period of exclusion, mitigating factors are irrelevant as the period of exclusion could not be reduced any further by law. 42 C.F.R. § 1001.102(c) ("Only if any of the aggravating factors . . . justifies an exclusion longer than 5 years, may mitigating factor be considered as a basis for reducing the period of exclusion *to no less than 5 years*.") (emphasis added).

ALJ are: (1) whether a legal basis for the exclusion exists under the Act; and (2) whether the length of the exclusion is reasonable. *See* 42 C.F.R. § 1001.2007(a). The ALJ, upon review of the complete the administrative record, issues an initial decision consisting of findings of fact and conclusions of law. 42 C.F.R. § 1005.20(a). Either party may appeal the ALJ's decision to the Board. 42 C.F.R. § 1005.21(a). The Board's decision constitutes the final agency decision of the Secretary. 42 C.F.R. 1005.21(j). Thereafter, a petitioner may obtain judicial review by a federal court. *See* 42 U.S.C. § 1320a-7(f)(1).

### B.     STANDARD OF REVIEW

The Medicare Act provides for judicial review of the Secretary's final decisions. 42 U.S.C. § 1395ff(b). The decision to exclude a medical practitioner from participation in the Medicare program is reviewed under the same standard as a decision involving entitlement to Social Security benefits, 42 U.S.C. §§ 405(g) and 1320a-7(f)(1). "Pursuant to 42 U.S.C. § 405(g), judicial review of the Secretary's decision ... is limited to 'whether there is substantial evidence [in the certified administrative record] to support the findings of the ... [Secretary], and whether the correct legal standards were applied.'" *Gulfcoast Med. Supply, Inc. v. Sec'y of Health & Human Servs.*, 468 F.3d 1347, 1350 n.4 (11th Cir. 2006) (citation omitted). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). "Thus, substantial evidence exists even when it supports two inconsistent conclusions." *Stone & Webster Constr., Inc. v.*

7

*U.S. Dep't of Labor*, 684 F.3d 1127, 1133 (11th Cir. 2012). "The court's role is to ensure that the agency came to a rational conclusion, not to conduct its own investigation and substitute its own judgment for the administrative agency's decision." *Sierra Club v. Flowers*, 526 F.3d 1353, 1360 (11th Cir. 2008) (citation omitted).

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hegel v. First Liberty Ins. Corp.*, 778 F.3d 1214, 1219 (11th Cir. 2015) (internal quotation marks omitted); Fed. R. Civ. P. 56. Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is considered genuinely in dispute if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The burden of showing that no genuine issues of material fact remain rests with the moving party. *Clark v. Coats & Clark*, 929 F.2d 604, 608 (11th Cir. 1991). On a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. *See Tana v. Dantanna's*, 611 F.3d 767, 772 (11th Cir. 2010).

## ARGUMENT

The Court should grant the United States' motion for summary judgment because the Secretary's Final Agency Decision is firmly supported by substantial evidence and is not based on legal error. *See Gulfcoast Med. Supply, Inc.*, 468 F.3d at 1350 n.4. The IG properly excluded Figueroa from participating in federal health care programs for five years, due to her criminal conviction in the United States

District Court for the Middle District of Florida of two counts of health care fraud. 42 U.S.C. § 1320a-7(a)(3). Plaintiff does not dispute the factual or legal basis of the exclusion. Compl. ¶¶ 9-13. Rather, Figueroa argues the IG arbitrarily selected an effective date of September 20, 2022, and the IG should have made her September 20, 2022, exclusion retroactive to January 21, 2020, when DOL suspended her from federal government contracting. Compl. ¶ 19 and Prayer for Relief.

The Secretary's Final Agency Decision excluding Figueroa is reasonable and firmly supported by substantial evidence. The applicable statute and regulations required the IG to exclude Figueroa for mandatory minimum of at least five years, do not allow for exclusions to be imposed retroactively, and give discretion to the IG as to when exclusions are imposed. Accordingly, there is no factual or legal basis for overturning the Secretary's Final Agency Decision.

**I.      THE IG HAD DISECRETION ON WHEN TO IMPOSE EXCLUSION.**

Congress delegated the timing of exclusion to the IG (as the Secretary's delegate). Under 42 U.S.C. § 1302a-7(a), Congress has mandated that individuals convicted of certain crimes should be excluded for "not less than" five years. 42 U.S.C. § 1302a-7(c)(3)(B). Congress explicitly delegated to the IG the authority to determine, through regulation, when an exclusion should go into effect. *Id.* at § 1320a-7(c)(1); *see also* 42 U.S.C. § 1320a-7(d) (setting no deadline for Secretary to impose exclusion but requiring Secretary to "promptly" inform state agencies of each exclusion imposed).

The IG exercised the authority delegated to her through notice-and-comment rulemaking. 57 Fed. Reg. 3298 (Jan. 29, 1992). Under the IG's regulation, an exclusion takes effect 20 days after the exclusion notice date. 42 C.F.R. § 1001.1002. Congress defined when an individual was "convicted" for purposes of exclusion. 42 U.S.C. § 1320a-7(i). The statutory definition of conviction does not limit the scope of Congress' delegation to the IG. Congress enacted this definition to ensure that all individuals who "have admitted that they engaged in criminal abuse against a Federal health program" are excluded. H.R. Rep. No. 99-727, at 75, as reprinted in 1986 U.S.C.C.A.N. 3607, 3665, 1986 WL 31979 (July 31, 1986). Congress did not impose a timeframe for effectuating an exclusion upon conviction within the definition. 42 U.S.C. § 1320a-7(i). The authority to determine when an exclusion should take effect thus remains with the IG. *See Marshall v. Secretary of Dep't of Health & Human Servs.*, No. 3:17-cv-1382, 2019 WL 2895668, at *5 (D. Conn. Mar. 11, 2019); *Singhvi v. Inspector General Dep't of Health & Human Servs.*, No. 2:08-cv-000659, Doc. 33 at pg. 13 n.7, 15 (E.D.N.Y. Sept. 21, 2009) (attached as **Exhibit A**); *Seide v. Shalala*, 31 F. Supp. 2d 466, 469 (E.D. Pa. 1998) ("The Inspector General has the discretion to determine when to impose an exclusion.") (citation omitted).

In *Singhvi*, the Court specifically addressed the statutory and regulatory framework that provides the I.G with discretion in this area. *See Singhvi*, Ex. A at 15. The Court explicitly recognized the law is clear "that there was no deadline within which the OIG must act to implement a mandatory exclusion." *Id.* 16 n.8

10

(citing *Seide v. Shalala*, 31 F. Supp. 2d 466, 469 (E.D. Pa. 1998)). Importantly, the *Singhvi* Court held that so long as "the timing of plaintiff's exclusion was . . . not inconsistent with the Act or implementing regulations, the Secretary's determination of when to impose the mandatory five (5) year exclusion was supported by substantial evidence and was not arbitrary and capricious." *Id.* at 13-14.

Similarly, in *Marshall*, the court determined that "the Act and the regulations . . . do not allow for exclusions to be imposed retroactively, and give the Inspector General discretion to determine the timing of the imposition of an exclusion." 2019 WL 28956668, at *4. Further, the *Marshall* court noted that "[t]here is no requirement under 42 U.S.C. § 1320a-7(f) that any delay in issuing an exclusion order after an individual or entity is convicted be reasonable." . . . ." *Id.* The issuance of an exclusion order is not a "mere ministerial act". *Id.* at *6. "Rather, the Inspector General must make a determination as to the appropriate length of an exclusion, and to do so the Inspector General is required to gather and evaluate the relevant information." *Id.* Thus, a delay after an individual or entity's conviction is expected while the IG gathers information and deliberates about the proper length of the exclusion.

As discussed, Section 1128(a) of the Act does not provide discretion to the IG to refrain from imposing mandatory exclusions. The only limitation on timing is that the offense which forms the basis for the conviction occurred after August 21, 1996. *See* 42 U.S.C. § 1320a-7(a)(3). Figueroa's conviction occurred after August 21, 1996. Section 1128 of the Act also does not authorize the IG to impose

11

exclusion retroactively, rather exclusion must be imposed after reasonable notice. 42 U.S.C. § 1320a-7(c).

In rejecting Figueroa's contention that her exclusion should apply retroactively, the ALJ stated "the Act does not contemplate the possibility of retroactive exclusions. . . ." A.R. at DAB 106 (citing 42 U.S.C. § 1320a-7(c)(2) (providing "such exclusion shall be effective with respect to services furnished to an individual *on or after the effective date of the exclusion.*") (emphasis in original)). Moreover, the ALJ noted that "the regulations implemented under the Act make clear that the exclusion period is triggered by the date of the IG's notice of exclusion, not the date of conviction or other penalty that may be imposed by another federal or state agency for the same criminal conduct." *Id.* (citing 42 C.F.R. § 1001.2002(b)). The ALJ had no authority to modify the IG selection of an effective date for exclusion. *Id.* at DAB 106; Health Care Programs: Fraud and Abuse; Amendments to OIG Exclusion and CMP Authorities Resulting From Public Law 100-93, 57 Fed. Reg. 3298, 3325, 1992 WL 12190 (Jan. 29, 1992) ("ALJs may not review the OIG's exercise of discretion to impose a penalty, assessment or exclusion under these authorities. It should also be noted that in a case where the ALJ upholds the OIG's exclusion determination, the ALJ is not authorized under these regulations to modify the date of commencement of the exclusion identified in the OIG's notice of exclusion.").

Finally, any argument from Figueroa that the IG unreasonably delayed the commencement of the exclusion is unavailing. The IG issued the notice of exclusion to

Figueroa on August 21, 2022, only eight months after she was convicted and fourteen months after her entry of a guilty plea. Courts have routinely upheld exclusions that commenced after lengthier periods between conviction and exclusion. *See, e.g.*, *Marshall*, 2019 WL 2895668, at *5 (affirming IG's exclusion after 19-month delay between sentencing and exclusion); *Seide*, 31 F. Supp. 2d at 469 (affirming IG exclusion after 26-month delay between conviction and exclusion).

### A.     DOL's Suspension and Debarment is Irrelevant to the IG's Exclusion.

Figueroa alleges that the IG's "arbitrary selection of an effective date would make [her] exclusion period from January 20, 2020, to September 19, 2027, a period of more than 7 ½ years." Compl. ¶ 19(b). Figueroa is conflating her suspension and debarment by DOL with her exclusion by the IG. Although DOL's suspension and debarment may have a similar effect to exclusion, each action is a distinct remedial tool used by different governmental programs to protect the government from doing business with irresponsible persons. As the ALJ explained,

> I recognize Petitioner makes a somewhat more complex argument than that contemplated by the Act or its implementing regulations — that action taken by one federal agency under a certain authority should estop another federal agency from taking a similar action under a different authority. But Petitioner has provided no legal basis upon which I could rely to conclude Congress did not intend to permit such an outcome. It is in fact common for healthcare providers to be subject to actions taken by different governmental entities for the same conduct. The multitude of ways a healthcare practitioner can be subject to discipline or limitation of the ability to treat patients reflects the significant amount of trust placed in them. Petitioner's conduct here has unsurprisingly subjected to her to what can only be described as proportional consequences. To the extent Petitioner finds her exclusion period unfair, I observe the IG declined, for whatever reason, to apply at least two readily

apparent aggravating factors in this case to extend Petitioner's period of exclusion beyond the statutory minimum period of five years.

A.R. at DAB 107. The mere fact that Figueroa has been subject two distinct enforcement actions by DOL and the IG does mean the IG excluded her for more than the statutory minimum period of five years. Figueroa's suspension and debarment by DOL ran from January 21, 2020, through January 20, 2023, and her exclusion by the IG runs from September 20, 2022, through September 19, 2027. Thus, Figueroa's argument that the IG has effectively excluded her for seven and a half years is factually and legally erroneous.

## II.    FIGUEROA WAS NOT PREJUDICED BY THE EFFECTIVE DATE OF HER EXCLUSION.

Figueroa has not been prejudiced by the IG's selection of the effective date of her exclusion because the law does not recognize her as having any interest in continued participation in federal health care programs. *See Parrino v. Price*, 869 F.3d 392 (6th Cir. 2017) ("[Plaintiff] does not have a fundamental right to participate in federal health care programs because he has neither a property nor a liberty interest in the programs."). It is well-settled that there is no property interest in continued participation in federal health care programs. *Id.* at 397-98 (joining First, Ninth, and Tenth Circuit Courts in holding that "health care providers are not the intended beneficiaries of the federal health care programs and they therefore do not have a property interest in continued participation or reimbursement"); *see also Alpha Home Health Sols., LLC v. Sec'y of United States Dep't of Health & Hum. Servs.*, 340 F. Supp. 3d

1291, 1304 (M.D. Fla. 2018) (no constitutionally protected property interest in federal health care payments subject to recoupment).

To the extent Figueroa alleges she has suffered any prejudice suffered by her exclusion, such alleged prejudice was caused by own doing, not the IG.

## CONCLUSION

Based on the foregoing, the United States requests that this Court (1) grant United States' motion for summary judgment, (2) enter judgment in favor of the Secretary affirming his Final Agency Decision, and (3) deny Figueroa's motion for summary judgment.[3]

Dated:  October 25, 2024                    Respectfully Submitted,

                                            ROGER B. HANDBERG
                                            United States Attorney

                                            /s/ Christopher J. Emden
                                            CHRISTOPHER J. EMDEN
                                            Assistant United States Attorney
                                            USA No. 158
                                            400 North Tampa Street, Suite 3200
                                            Tampa, FL 33602
                                            Tel: (813) 274-6000
                                            Fax: (813) 274-6200
                                            Christopher.Emden@usdoj.gov

---

[3] Figueroa also seeks a declaration that she be "allowed to participate in the Federal Employees' Compensation Act program".  Compl. at Prayer for Relief.  The Federal Employees' Compensation Act is administered by DOL.  *See* 5 U.S.C. § 8145.  Because Figueroa did not name DOL as a defendant in this case, Figueroa's request for declaratory relief as to her eligibility to participate in FECA is procedurally improper.  Moreover, the IG's exclusion of Figueroa from participation in all federal health care programs extends to FECA. 42 U.S.C. §§ 1320a-(a) (exclusion from participation in any federal health care program defined by 42 U.S.C. § 1320a-7b(f)), 1320a-7b(f) (defining "federal health care plan program" to include "any plan or program that provides health benefits, whether directly, through insurance, or otherwise, which is funded directly, in whole or in part, by the United States Government. . . .").